# EXHIBIT D

Peter Winebrake, Esq. (Attorney ID No. 80496)
R. Andrew Santillo, Esq. (Attorney ID No. 93041)
Mark J. Gottesfeld, Esq. (Attorney ID No. 307752)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

*Filed and Attested by*
*PROTHONOTARY*
*31 OCT 2013 11:34 am*
*P. MARTIN*

*Attorneys for Plaintiffs (additional counsel listed on signature page)*

| | |
|---|---|
| NEAL HEIMBACH and KAREN SALASKY, on behalf of themselves and others similarly situated, | : : : PHILADELPHIA COUNTY : COURT OF COMMON PLEAS |
| Plaintiffs, | : |
| v. | : CLASS ACTION : |
| AMAZON.COM, INC., AMAZON.COM.DEDC, LLC, AMAZON.COM DEDC, INC. and INTEGRITY STAFFING SOLUTIONS, INC., | : NON-JURY TRIAL : : : |
| Defendants. | : : |

### FIRST AMENDED COMPLAINT -- CLASS ACTION
### 1O — Contract: Other

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania  19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus  defenses o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demandaen contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidira favor del demandante y require que usted cumplacon todas las provisiones de esta demanda.  Usted puede perder dinero o sus propriedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE SI NO TIENEABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONOA LA OFFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania  19107
(215) 238-1701

Case ID: 130903526

Plaintiffs Neal Heimbach ("Heimbach") and Karen Salasky ("Salasky") (collectively "Plaintiffs") bring this class action lawsuit against Defendants Amazon.com, Inc., Amazon.com.DEDC, LLC, Amazon.com DEDC, Inc. and Integrity Staffing Solutions, Inc. (collectively "Defendants"), seeking all available relief under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.* The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## PARTIES

1. Heimbach is an individual residing at 4045 Fish Hatchery Road, Allentown, Pennsylvania 18103.

2. Salasky is an individual residing at 1124 West North Street, Bethlehem, Pennsylvania 18018.

3. Plaintiffs are employees covered by the PMWA and entitled to its protections.

4. Defendant Amazon.com, Inc. is a Delaware corporation with a principal office located at 410 Terry Avenue North, Seattle, Washington 98109.

5. Defendant Amazon.com.DEDC, LLC is a Delaware corporation registered to do business in the Commonwealth of Pennsylvania with a principal office located at 410 Terry Avenue North, Seattle, Washington 98109.

6. Defendant Amazon.com DEDC, Inc. is a company registered to do business in the Commonwealth of Pennsylvania with a principal office located at 410 Terry Avenue North, Seattle, Washington 98109.

7. Defendants Amazon.com, Inc., Amazon.com DEDC, Inc., and Amazon.com.DEDC, LLC are referred to collectively as "Amazon."

Case ID: 130903526

8. Defendant Integrity Staffing Solutions, Inc. is a Delaware corporation registered to do business in the Commonwealth of Pennsylvania and doing business as "ISS Staffing Solutions" with a principal office located at 750 Shipyard Drive, Suite 300, Wilmington, Delaware 19801. Defendant Integrity Staffing Solutions, Inc. is referred to as "ISS."

9. Defendants are each employers covered by the PMWA and required to comply with its wage and hour mandates.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over Defendants.

11. Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Defendants regularly conduct business in Philadelphia County. *See Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 971 (Pa. Super. 2009). This includes, *inter alia*, employees of Defendants shipping merchandise from Amazon's various logistics facility/fulfillment centers to residents of Philadelphia County. Upon information and belief, employees of Defendants have shipped merchandise to Philadelphia County residents from Amazon's logistics facility/fulfillment center located in Breinigsville, Pennsylvania.

## FACTS

12. Amazon operates an approximately 600,000 square foot logistics facility/fulfillment center located in Breinigsville, Pennsylvania ("the Facility").

13. Heimbach worked at the Facility from approximately August 2010 until April 2013. Heimbach has not worked at the Facility since April 2013 due to a workplace injury.

14. Amazon hired, paid, and directly employed Heimbach during his employment at the Facility.

15. Salasky worked at the Facility from approximately November 2010 until June

2011.

16. ISS hired, paid, and directly employed Salasky during her employment at the Facility.

17. Amazon and ISS each employ individuals, such as Plaintiffs, at the Facility who are paid on an hourly basis, are classified as non-exempt from the PMWA's overtime pay mandates, and perform tasks related to the merchandise stored and eventually shipped to customers from the Facility. These tasks include, *inter alia*, receiving deliveries of merchandise; transporting merchandise to its appropriate location within the Facility; "picking" purchased merchandise from its storage location; and processing merchandise for shipping. These individuals, including Plaintiffs, are referred to herein as "Warehouse Workers."

18. Amazon and ISS have separately employed hundreds of Warehouse Workers at the Facility since September 27, 2010.

19. Defendants have required Plaintiffs and other Warehouse Workers to "clock in" at time clocks by the beginning of their scheduled shifts and to "clock out" at the same time clocks at the end of their scheduled shifts.

20. *After* the conclusion of their paid shifts, Defendants have required Plaintiffs and other Warehouse Workers to proceed through a mandatory screening process that takes place within the Facility.

21. As part of this screening process, Defendants have required Plaintiffs and other Warehouse Workers to wait in lines leading up to a security screening area within the Facility.

22. During the screening process, Defendants would require that all bags and personal items carried by Plaintiffs and other Warehouse Workers be individually searched by security guards.

Case ID: 130903526

23. During the screening process, Defendants have required Plaintiffs and other Warehouse Workers to proceed through a metal detector.

24. If the metal detector's alarm sounds, Defendants have subjected Plaintiffs and other Warehouse Workers to an individual search conducted by a security guard.

25. Defendants have not allowed Plaintiffs and other Warehouse Workers to leave the Facility until they have successfully proceeded through the entire screening process.

26. The above screening process routinely took up to between 10 and 20 minutes for Plaintiffs and other Warehouse Workers to complete, and, with delays, it could take over 20 minutes. During this entire time, Plaintiffs and other Warehouse Workers must remain within the premises of the Facility and are not permitted to leave the Facility.

27. Defendants have not paid Plaintiff and other Warehouse Workers for the time elapsed between the conclusion of their paid shift and the conclusion of the above screening process.

28. Defendants have automatically deducted 30 minutes from Plaintiffs' and other Warehouse Workers' compensable time each shift for a purported meal break.

29. Defendants have required Plaintiffs and other Warehouse Workers to remain at their work locations within the Facility until the start of the unpaid meal period.

30. At the start of the unpaid meal period, Plaintiffs and other Warehouse Workers walk to the Facility's time clocks and, after waiting in line at the time clock, clock-out. This process can take several minutes.

31. In order to access the employee break room or to exit the Facility during the unpaid meal period, Defendants have required Plaintiffs and other Warehouse Workers to proceed through the same mandatory screening process described in paragraphs 20-25.

5

32. Defendants' clock-out requirement and mandatory screening process during the unpaid meal period is solely for the benefit of Defendants and not for the benefit or convenience of Plaintiffs and other Warehouse Workers.

33. Defendants' mandatory screening process during the unpaid meal period usually takes 7 to 10 minutes for Plaintiffs and other Warehouse Workers to complete, and, with delays, it can take over 10 minutes.

34. Defendants have not paid Plaintiff and other Warehouse Workers for the time elapsed between the commencement of their unpaid meal period and the conclusion of the above screening process.

## CLASS ACTION ALLEGATIONS

35. Plaintiff Heimbach brings this action on behalf of himself and all individuals employed by Amazon who, during any workweek since September 27, 2010, were subjected to a security screening process within the Facility during their meal period or at the end of their shift. These individuals are referred to as "the Amazon Class."

36. Plaintiff Salasky brings this action on behalf of herself and all individuals employed by ISS who, during any workweek since September 27, 2010, were subjected to a security screening process within the Facility during their meal period or at the end of their shift. These individuals are referred to as "the ISS Class."

37. This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.

38. Members of the Amazon Class and ISS Class (collectively "class members") are so numerous that joinder of all individual members is impracticable and are objectively ascertainable based on payroll data maintained or controlled by Defendants.

39. Defendants' conduct with respect to the class members raise questions of law or fact that are common to all class members. Common factual questions include the development and implementation of the Facility-wide timekeeping, security screening, and compensation practices described in this amended complaint. Common legal questions include whether the PMWA's overtime compensation provisions require Defendants to compensate Plaintiffs and other class members for uncompensated time arising during unpaid meal periods and at the end of the shift.

40. Plaintiffs' claims and Defendants' corresponding defenses are typical of the claims or defenses applicable to the class members because, *inter alia*, all claims are based on the same legal theories and remedies. Furthermore, Plaintiffs' assertion that Defendants violated the PMWA's overtime compensation provisions by failing to compensate them for all legally compensable time is sufficiently aligned with the interests of other class members that Plaintiffs' pursuit of their own interests will benefit all class members.

41. Plaintiffs will fairly and adequately assert and protect the interests of all class members because, *inter alia*, (a) Plaintiffs are represented by experienced counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class members; (b) Plaintiffs and their counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class members; and (c) Plaintiffs and their counsel have adequate financial resources to assure that the class members' interests will not be harmed.

42. A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*,

> (a) The previously mentioned common questions of law and fact predominate over any questions affecting Plaintiffs or any individual class

members;

(b) The class members are easily identifiable through Defendants' records and computer files, and no foreseeable difficulties in the management of this action as a class action exist;

(c) The monetary damages sought on behalf of Plaintiffs and the class members are readily calculated and attributable to individual class members;

(d) Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual class members were to pursue independent actions in various courthouses throughout the Commonwealth;

(e) Because Defendants conduct a substantial amount of business in Philadelphia County, this Court is an appropriate forum for the litigation of the claims of the class members;

(f) The complexities of the issues and the expense of litigating the separate claims of individual class members weigh in favor of class certification. For example, in the instant action, Plaintiffs will seek and present evidence concerning, *inter alia*, Defendants' common timekeeping, compensation, payroll and security screening practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and

Case ID: 130903526

efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Defendants. Adequate notice of this class action can be provided to class by hand distribution and/or direct mail; and

(g)   Because the damages sustained by individual class members are relatively small compared to the resources of Defendants and the costs of individual litigation, it is impracticable and unrealistic for individual class members to independently pursue litigation against Defendants in order to vindicate their rights.

## **COUNT I**

43.   All previous paragraphs are incorporated as though fully set forth herein.

44.   Defendants are employers covered by the PMWA's mandates.

45.   Plaintiffs and the class members are employees entitled to the PMWA's protections.

46.   The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a).

47.   The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

48.   PMWA defines "Hours Worked" to include *inter alia* "time during which an employee is required by the employer to be on the premises of the employer." 34 Pa. Code

9

§231.1.  With respect to meal breaks, PMWA requires, *inter alia*, payment for "time spent on the premises of the employer that is not for the benefit of the employee."  *Id.*

49. Defendants have violated the PMWA by failing to compensate Plaintiffs and other class members for all hours worked both after their paid shifts and during their unpaid meal breaks.  *See* 34 Pa. Code §231.1; *see*, *e.g.*, *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963 (Pa. Super. Ct. 2009).  As such, during weeks in which Plaintiffs' and the class members' combined paid and unpaid compensable time exceeds 40 hours, Plaintiffs and the class members are entitled to (i) compensation at their regular pay rate for uncompensated hours worked under 40 hours and (ii) compensation at their overtime premium pay rate for uncompensated hours worked over 40 hours.  Plaintiffs do not seek damages for those workweeks in which the combined paid and unpaid compensable time does not exceed 40 hours.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and class members, seek the following relief:

A. Unpaid wages to the fullest extent permitted under the law;

B. Prejudgment interest to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

D. Such other and further relief as this Court deems just and proper.

Date:  October 30, 2013          /s/ R. Andrew Santillo
                                  Peter Winebrake (PA Attorney No. 80496)
                                  R. Andrew Santillo (PA Attorney No. 93041)
                                  Mark J. Gottesfeld (PA Attorney No. 307752)
                                  WINEBRAKE & SANTILLO, LLC
                                  715 Twining Road, Suite 211
                                  Dresher, PA 19025
                                  Phone:  (215) 884-2491

Case ID: 130903526

Jerry E. Martin*
David W. Garrison*
Scott P. Tift*
Seth M. Hyatt*
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
Phone: (615) 244-2202

**pro hac vice* admission anticipated

*Attorneys for Plaintiffs*

11

Case ID: 130903526